■   FRANCIS D. FOLEY et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 46241.) — Judgment unanimously modified on the law and facts by reducing the award to $101,896.50, and as modified affirmed, without costs. Memorandum: We do not disturb the portion of the award representing compensation for appropriation of the premises at 509–513 West Belden Avenue. With regard to the sum awarded for the taking at 618–620 West Belden Avenue it is apparent from the decision of the trial court that the award was based upon a misunderstanding as to the location of this property — the belief that the parcel was located on the south side of West Belden Avenue, which experts for both sides agreed was more valuable than property on the north side where the parcel was actually located. We find the fair market value of the premises at 618–620 West Belden Avenue to be $2.40 per square foot and that claimants should be awarded $20,510 therefor. When added to the sum of $81,386.50 properly awarded on account of the taking at 509–513 West Belden Avenue this produces a total award of $101,896.50. (Appeal from judgment of Court of Claims in action for damages for permanent appropriation.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES M. DI COSTANZO, Appellant.— Appeal held, decision reserved and case remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: At the opening of the trial defendant formally submitted a written application to waive his right to a trial by jury as required by section 2 of article I of the New York Constitution. The record does not show the facts considered by the trial court in refusing to approve the application nor the reasons for such refusal. The Trial Judge's discretion to deny a defendant's request of this nature is limited to those cases in which some "'compelling ground arising out of the attainment of the ends of justice'" exists. (*People ex rel. Rohrlich* v. *Follette,* 20 N Y 2d 297, 301.) The ultimate question is whether or not the trial court improvidently exercised its discretion in denying the application. (*People* v. *Diaz,* 10 A D 2d 80, 89, affd. 8 N Y 2d 1061.) This may not be decided upon a record devoid of any facts on the subject. The written instrument was legally sufficient to alert the trial court to the necessity of obtaining further facts, by hearing or otherwise, upon which its discretion could have been exercised. The defendant should have an opportunity by hearing or otherwise in his discretion to elaborate upon his reasons for seeking to waive a jury trial and, if the application is denied, the court should state the grounds therefor. (Appeal from judgment of Onondaga County Court, convicting defendant of murder, first degree and murder, second degree.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.